[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10080

Non-Argument Calendar

_____

NATIONAL SPECIALTY INSURANCE COMPANY,
a foreign corporation other,
d.b.a. South Beach Charters,

                                        Plaintiff-Appellant,

*versus*

MARQUIS YACHTS, LLC,
a foreign corporation,

                                        Defendant-Appellee.

2                          Opinion of the Court                          23-10080

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22066-AOR

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

The parties' motion to dismiss this appeal, construed from their joint jurisdictional question response, is GRANTED, and this appeal is DISMISSED.  National Specialty Insurance Company filed this appeal seeking review of the district court's order and judgment granting Marquis Yachts, LLC's motion for summary judgment.  We issued a limited remand for the district court to determine whether it had subject matter jurisdiction in the first instance.  On remand, the district court vacated its merits decision and dismissed the action for lack of subject matter jurisdiction.  In their joint response to the jurisdictional question, the parties agree that there is not complete diversity of citizenship and, thus, that the district court lacked jurisdiction.

As a result of the district court's order on remand, this appeal is now moot because there is no longer a merits decision to review. *See Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995) (explaining that we lack authority to adjudicate moot controversies and must dismiss an appeal if something happens while the

23-10080                    Opinion of the Court                    3

case is on appeal that makes it impossible to grant a prevailing party effectual relief).